IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
U.S. COMMODITY FUTURES        )
TRADING COMMISSION,           )
                              )
     Plaintiff,               )
                              )       CIVIL ACTION NO.
     v.                       )         3:12cv203-MHT
                              )             (WO)
JOHN DAVID STROUD, STROUD     )
CAPITAL MANAGEMENT, LLC,      )
TS CAPITAL PARTNERS, LLC,     )
and TS CAPITAL MANAGEMENT,    )
LLC,                          )
                              )
     Defendants.              )
```

ORDER

On March 5, 2012, plaintiff Commodity Futures Trading Commission ("Commission") filed a complaint seeking injunctive and other equitable relief under the Commodity Exchange Act against defendants John David Stroud ("Stroud"), Stroud Capital Management, LLC, TS Capital Partners, LLC, and TS Capital Management, LLC (collectively, "Defendants"). On March 7, 2012, this court entered a restraining order against the Defendants. The parties have subsequently agreed to conditions,

detailed below, of a preliminary injunction.  For their part, the Defendants, without admitting or denying the allegations of the complaint and solely for the purposes of this consent order for preliminary injunction (except as to jurisdiction and venue, which they admit) have consented to this order and affirmatively state that their consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative thereof to induce them to consent to this order.

    The parties agree and the court finds:

    1.   Jurisdiction over the subject matter of this case is proper pursuant to 7 U.S.C. § 13a-1, which authorizes this court to enter a temporary injunction against the Defendants.

    2.   Venue is proper pursuant to 7 U.S.C. § 13a-1(e).

    3.   Defendants have waived the entry of findings of facts and conclusions of law for purposes of this order pursuant to Federal Rule of Civil Procedure 52(a)(2).

For purposes of this order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including bank accounts and accounts at financial institutions), credits, receivables, lines of credit, securities, contracts (including spot and futures contracts), insurance policies, and all cash, wherever located.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of the term.

6. "Defendants" refers to John David Stroud, Stroud Capital Management, LLC, TS Capital Partners, LLC, and TS Capital Management, LLC, any person insofar as he or she

is acting in the capacity of an officer, agent, servant, or employee of any of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, including email, facsimile, United Parcel Service, or Federal Express, insofar as he or she is acting in concert or participation with any of Defendants.

***

It is ORDERED that, pending further order of the court, the joint motion to approve consent order and the motion for preliminary injunction (doc. nos. 9 and 23) are granted (with the hearing set for April 3, 2012, canceled) and Defendants are restrained and enjoined from, directly or indirectly:

    A.  (A) cheating or defrauding, or attempting to cheat or defraud, any other person; (B) willfully making or causing to be made to any other person any false report or statement, or willfully entering or causing to

be entered for any other person any false record; or (C) willfully deceiving, or attempting to deceive, any other person,

    i.  in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of such other person, in violation of 7 U.S.C. § 6b(a)(1)(A)-(C); or

    ii.  in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or swap, that is made, or to be made, for or on behalf of, or with, such other person, other than on or subject to the rules of a designated contract market, in violation of 7 U.S.C. § 6b(a)(2)(A)-(C);

  B.  employing any device, scheme, or artifice to defraud any prospective or actual commodity pool

participant, or engaging in any transaction, practice, or course of business that operates as a fraud or deceit upon any prospective or actual commodity pool participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of 7 U.S.C. § 6*o*(1);

C.  willfully falsifying, concealing, or covering up by any trick, scheme, or artifice a material fact, making any false, fictitious, or fraudulent statements or representations, or making or using any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry to a registered entity, board of trade, swap data repository, or futures association designated or registered under the Commodity Exchange Act and acting in furtherance of its official duties under the Commodity Exchange Act, in violation of 7 U.S.C. § 13(a)(4);

D.  making use of the mails or any means or instrumentality of interstate commerce in connection with

a commodity pool operator business without being registered with the Commission under the Commodity Exchange Act, in violation of 7 U.S.C. § 6m(1); and

E.  being associated with a commodity pool operator as a partner, officer, employee, consultant, or agent (or any person occupying a similar status or performing similar functions), in any capacity that involves (i) the solicitation of funds, securities, or property for participation in a commodity pool, or (ii) the supervision of any person or persons so engaged, without being registered with the Commission under the Commodity Exchange Act as an associated person of that commodity pool operator, in violation of 7 U.S.C. § 6k(2).

It is further ORDERED that, pending further order of the court, Defendants are restrained and enjoined from, directly or indirectly:

A.  trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C.

§ 1a), including, but not limited to, trading for themselves or others;

B.   entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in 17 C.F.R. § 1.3(hh) (2011)) ("commodity options"), security futures products, and/or foreign currency (as described in 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for the personal account of any of Defendants or for any account in which any of Defendants have a direct or indirect interest;

C.   having any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts traded on behalf of any of Defendants;

D.   controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity

futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

 E. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts;

 F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9) (2011); and

 G. acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2011)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a) registered, exempted from registration, or required to be registered with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9) (2011).

It is further ORDERED that Defendants are restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States, except as ordered by the court.  The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this order, as well as accounts not specifically identified below.

It is further ORDERED that, pending further order of the court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of (or has held, controlled, or maintained custody of at any time since February 1, 2008) any funds, assets, or other property of Defendants, and who receives notice of this order by any means, including email, facsimile, United Parcel Service, or Federal Express, shall:

A.  prohibit Defendants and any other person from withdrawing, removing, transferring, dissipating, or otherwise disposing of any such assets;

B.  deny Defendants and all other persons access to any safe deposit box that is:

i.  titled in the name of or maintained by Defendants, either individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Defendants; or

ii.  otherwise subject to the control of or access by Defendants; and

C.  cooperate with all reasonable requests of the Commission relating to implementation of this order, including producing records related to Defendants' accounts and businesses.

It is further ORDERED that, pending further order of the court, any bank, financial or brokerage institution, futures commission merchant, forex dealer, entity, or person that holds, controls, or maintains custody of (or

11

has held, controlled, or maintained custody of at any time since February 1, 2008) any account or asset titled in the name of Defendants, either individually, jointly, or in any other capacity, or that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, and who receives notice of this Order by any means, including email, facsimile, United Parcel Service, or Federal Express, shall:

    A.   provide counsel for the Commission, within five business days of receiving a copy of this order, a statement setting forth:  (a) the identification number of each such account, or the name and description of each such asset; (b) the balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other

asset was remitted; and (c) the identification of any safe deposit box that is titled in the name of Defendants, either individually, jointly, or in any other capacity, or that is otherwise subject to the control of or access by Defendants or any other person on behalf of Defendants; and

   B.   upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

   It is further ORDERED that Defendants shall prepare, sign, and file with the court, within 15 days of the date of entry of this order, a complete and accurate accounting of all of Defendants' assets and liabilities,

including all funds Defendants received from and paid to commodity pool participants and other persons in connection with all commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts, and all purported commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts, together with the names, mailing addresses, email addresses, and telephone numbers of any such persons, for the period of February 1, 2008, to and including the date of such accounting.

It is further ORDERED that Defendants shall prepare, sign, and file with the court, within 15 days of the date of entry of this order, a complete and accurate accounting of all disbursements made for any purpose whatsoever of any funds received from commodity pool participants and other persons in connection with all commodity futures, options on commodity futures, commodity options, security futures products, and/or

forex contracts, and all purported commodity futures, options on commodity futures, commodity options, security futures products, and/or forex contracts, including, but not limited to, salaries, commissions, fees, loans, and other disbursements of money and property of any kind, for the period of February 1, 2008, to and including the date of such accounting.

It is further ORDERED that Defendants shall immediately identify and provide to the Commission an accounting of all assets and property they currently maintain outside the United States, including, but not limited to, all funds on deposit in any bank, financial or brokerage institution, futures commission merchant, forex dealer, or entity that are held in the name of Defendants, either individually, jointly, or in any other capacity, or that are owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, and shall repatriate all funds held in such accounts by paying them to the Clerk of the Court, or as otherwise

ordered by the court, for further disposition in this case.

It is further ORDERED that Defendants shall produce to the Commission, within 15 days of the date of entry of this order, all books, records, and other documents supporting or underlying the accountings referenced in the preceding three paragraphs of this order.

It is further ORDERED that, pending further order of the court, Defendants are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of any of Defendants, including, but not limited to, the following actions:

A.  commencing, prosecuting, litigating, or enforcing any suit (except that actions may be filed to toll any applicable statute of limitations);

B.  accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, taking or attempting to take possession of, or retaining possession

of property of Defendants or any property claimed by Defendants, or attempting to foreclose, forfeit, alter, or terminate any of Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. using self-help or executing, issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding, taking possession of, interfering with, creating, or enforcing a lien upon any property, wherever located, owned by or in the possession of any of Defendants; and

D. doing any act or thing to interfere with the exclusive jurisdiction of this court over funds, assets, or other property of Defendants.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

It is further ORDERED that copies of this order may be served by any means, including personal service, email, facsimile, United Parcel Service, Federal Express, or other commercial overnight service, Federal Rule of Civil Procedure 5, or Articles 2 through 10 of the Hague Convention, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may be subject to any provision of this order. Joseph Patrick and Nancy Hooper, both employees of the Commission, are hereby specially appointed to serve process, including of this order and all other papers in this case.

It is further ORDERED that, pursuant to 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission.

It is further ORDERED that Defendants shall serve all pleadings, correspondence, notices required by this order, and other materials on the Commission by delivering a copy to Stephanie Reinhart, Senior Trial

Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois, 60661 and/or by filing such pleadings or other materials electronically with the court.

It is further ORDERED that this order supersedes the Restraining Order entered by the court on March 7, 2012.

It is further ORDERED that this order shall remain in full force and effect until further order of this court upon application, notice, and an opportunity to be heard, and that this court retains jurisdiction of this matter for all purposes.

DONE, this the 2nd day of April, 2012.

                          /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE